IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN WILLIAM ADERHOLD,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER CONSTRUING MOTION AS PETITION UNDER § 2255 AND TRANSFERRING PETITION TO TENTH CIRCUIT COURT OF APPEALS<br><br><br><br>Case No. 2:05-CR-544 TS |

This matter is before the Court on Defendant Brian William Aderhold's latest challenge to his incarceration.[1]  Because Defendant is proceeding pro se, the Court "reviews his pleadings and filings liberally."[2]

---

[1] *See* Docket No. 1 in Case No. 2:07-CV-166 PGC; Docket No. 1 in Case No. 2:07-CV-900 TS; and Docket No. 1 in Case No. 2:07-CV-1005 TS.

[2] *Jackson v. United States*, __ Fed. Appx. ___, 2007 WL 3209985, at *1, n.1 (10th Cir. Oct. 30, 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); and *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir.2007)).

1

Defendant purports to bring this challenge under 28 U.S.C. § 3582 (c)(2). However, the relief he seeks is to correct alleged constitutional error in his sentencing in his criminal case. Specifically, he challenges the supervised release portion of his sentence on the grounds of alleged violation of Double Jeopardy clause of the Fifth Amendment. Petitioner does not state a claim for relief under § 3582(c)(2) because he does not allege that the sentencing range for his conviction "has subsequently been lowered by the Sentencing Commission."[3]

Thus, Petitioner is seeking to raise alleged constitutional errors that occurred in his criminal case at his sentencing. This Court has previously explained to Petitioner[4] the rule, announced in *Castro v. United States*,[5] that the district court must notify a litigant if it intends to recharacterize his pleading as a § 2255 Motion. However, as also previously explained to Petitioner, that rule does not benefit a petitioner if the recharacterized motion would not count as a first motion to vacate, set aside, or correct sentence for purposes of applying "second or successive" restrictions, and where the motion was untimely in any event.[6] The Court finds that the present Petition would be Petitioner's fifth § 2255

---

[3] 28 U.S.C. § 3582(c)(2).

[4] *See* Case No. 2:07-CV-789 TS, Docket No. 6, at 2 n.9.

[5] 540 U.S. 375, 377 (2003) (holding that a district court "cannot ... recharacterize a pro se litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.") (emphasis in original).

[6] Case No. 2:07-CV-789 TS, Docket No. 6, at 2 n.9; *United States v. Johnson*, 159 Fed. Appx. 835, 839 (10th Cir. 2005).

proceeding,[7] and would be untimely in any event. Therefore, the *Castro* rule would not benefit Petitioner.

Because Petitioner does not alleged that the sentencing guideline has been subsequently lowered and, instead, contests the validity of the sentence based upon alleged constitutional errors "that occurred in [his] criminal case," it can only be brought under § 2255. As the Tenth Circuit has held:

> The AEDPA-amended habeas corpus statutes restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus. . . . A second or successive 28 U.S.C. § 2255 motion must also be certified by a panel of this court pursuant to § 2244 before it may proceed in district court.[8]

As the true nature of the Motion in this case is "a successive habeas petition, [this] district court has no jurisdiction over the matter" and should transfer it the appellate court.[9]

It is therefore

ORDERED that Defendant's Motion for Modification of an Imposed Term of Imprisonment be construed as a Petition under 28 U.S.C. § 2255. It is further

---

[7] Case No. 2:07-CV-166 PGC was his first petition. Case No. 2:07-CV-789 TS was his second petition. Case No. 2:07-CV-900 TS was his third petition. Case No. 2:07-CV-1005 TS was his fourth petition.

[8] *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006) (citing AEDPA, the Antiterrorism and Effective Death Penalty Act of 1996) (other citations omitted).

[9] *United States v. Card*, 220 Fed. Appx. 847, 850 (10th Cir. 2007).

ORDERED that said Petition be transferred to the Tenth Circuit Court of Appeals for authorization. The Clerk of the Court is directed to transfer this matter to the Tenth Circuit Court of Appeals.  The clerk of the court is directed to close this case forthwith.

DATED this 5th day of February, 2008.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge