IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN WILLIAM ADERHOLD,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER CONSTRUING MOTION FOR MODIFICATION OF IMPOSED TERM OF IMPRISONMENT AS PETITION UNDER § 2255 AND TRANSFERRING PETITION TO TENTH CIRCUIT COURT OF APPEALS<br><br><br><br>Case No. 2:05-CR-544 TS |

This matter is before the Court on Defendant Brian William Aderhold's latest challenge to his incarceration.[1] Because Defendant is proceeding pro se, the Court "reviews his pleadings and filings liberally."[2]

---

[1] *See* Docket No. 1 in Case No. 2:07-CV-166 PGC; Docket No. 1 in Case No. 2:07-CV-789 TS;  Docket No. 1 in Case No. 2:07-CV-900 TS; and Docket No. 1 in Case No. 2:07-CV-1005 TS; and Docket No. 36, herein.

[2] *Jackson v. United States*, 2007 WL 3209985, at *1, n.1 (10th  Cir. Oct. 30, 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); and *Howard v. United*

As with his last challenge,[3] Defendant purports to bring this challenge under 18 U.S.C. § 3582 (c)(2).  However, as with the last challenge the relief he seeks is to correct alleged constitutional error in his sentencing in his criminal case.  Specifically, he challenges the supervised release portion of his sentence on the grounds that the supervised release term is a multiple punishment in violation of the Fifth Amendment, his supervised release term is an unauthorized and unlawful enhancement and error, and exceeds the statutory maximum.  In short, Defendant claims that his sentence is illegal.

Although he styles his challenge to his sentence in terms of a motion under 18 U.S.C. § 3553(a)(3), Defendant does not allege that the sentencing guideline range for his conviction "has subsequently been lowered by the Sentencing Commission."[4]  Instead, he claims that as a result of the alleged errors in his sentencing, the guideline range is "different from and subsequently [read consequently] lower than what"[5] he was sentenced to.  Because Defendant does not allege that the sentencing range for his conviction has subsequently been lowered *by the Sentencing Commission*, he does not state a claim for relief under § 3582(c)(2).

---

States Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir.2007)).

    [3]Docket No. 36.

    [4]18 U.S.C. § 3582(c)(2).

    [5]Def.'s Mot. at 5.

This Court has previously explained to Petitioner[6] the rule, announced in *Castro v. United States*,[7] that the district court must notify a litigant if it intends to recharacterize his pleading as a § 2255 Motion.  However, as also previously explained to Petitioner, that rule does not benefit a petitioner if the recharacterized motion would not count as a first motion to vacate, set aside, or correct sentence for purposes of applying "second or successive" restrictions, and where the motion was untimely in any event.[8]  The Court finds that the present Petition would be Petitioner's fifth or sixth § 2255 proceeding,[9] and would be untimely in any event.  Therefore, the *Castro* rule would not benefit Petitioner.

Because Petitioner does not allege that the sentencing guideline under which he was sentenced has been subsequently lowered by the Sentencing Commission, and, instead, contests the validity of the sentence based upon alleged constitutional and other errors in his criminal case, it can only be brought under § 2255.  As the Tenth Circuit has held:

> The AEDPA-amended habeas corpus statutes restrict the power of the federal courts to entertain second or successive applications for writs of habeas corpus. . . .  A second or successive 28 U.S.C. § 2255 motion must

---

[6] *See* Case No. 2:07-CV-789 TS, Docket No. 6, at 2 n.9.

[7] 540 U.S. 375, 377 (2003) (holding that a district court "cannot . . . recharacterize a pro se litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.") (emphasis in original).

[8] Case No. 2:07-CV-789 TS, Docket No. 6, at 2 n.9; *United States v. Johnson*, 159 Fed. Appx. 835, 839 (10th Cir. 2005).

[9] *See supra*, n. 1.

3

also be certified by a panel of this court pursuant to § 2244 before it may proceed in district court.[10]

As the true nature of the Motion in this case is "a successive habeas petition, [this] district court has no jurisdiction over the matter" and will transfer it the appellate court.[11]

It is therefore

ORDERED that Defendant's Motion for Modification of an Imposed Term of Imprisonment be construed as a Petition under 28 U.S.C. § 2255. It is further ORDERED that said Petition be transferred to the Tenth Circuit Court of Appeals for authorization. The Clerk of the Court is directed to transfer this Motion for Modification of an Imposed Term of Imprisonment (Docket No. 41) to the Tenth Circuit Court of Appeals.

DATED this 5th day of March, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing AEDPA, the Antiterrorism and Effective Death Penalty Act of 1996) (other citations omitted).

[11] *United States v. Card*, 220 Fed. Appx. 847, 850 (10th Cir. 2007).

4